1  William E. von Behren (Bar No. 106642)
   BvonBehren@mmhllp.com
2  Simon Manoucherian (Bar No. 198760)
   SManoucherian@mmhllp.com
3  Frederic Esrailian (Bar No. 232799)
   FEsrailian@mmhllp.com
4  MESERVE, MUMPER & HUGHES LLP
   300 South Grand Avenue, 24th Floor
5  Los Angeles, California 90071-3185
   Telephone:  (213) 620-0300
6  Facsimile:  (213) 625-1930

7  Attorneys for Defendant
   UNION SECURITY INSURANCE COMPANY,
8  formerly known as FORTIS BENEFITS
   INSURANCE COMPANY

9                    UNITED STATES DISTRICT COURT

10               CENTRAL DISTRICT OF CALIFORNIA

11

12 MARY BURDICK, individually and on  )  Case No. CV07-4028 ABC (JCx)
   behalf of all other similarly situated,  )
13                                        )  STIPULATION AND
                Plaintiffs,               )  AMENDED[PROPOSED]
14                                        )  PROTECTIVE ORDER GOVERNING
        v.                                )  PRODUCTION OR OTHER
15                                        )  DISCOVERY OF CONFIDENTIAL
   UNION SECURITY INSURANCE          )  INFORMATION
16 COMPANY, an Iowa Corporation;          )
   FORTIS BENEFITS INSURANCE          )
17 COMPANY, a Nevada Corporation;         )
   ASSURANT, INC., a Delaware             )
18 Corporation; and DOES 1-100,           )
   inclusive ,                            )
19                                        )
                Defendants.               )
20 _____)

21      WHEREAS, the parties believe that discovery in this action will involve

22 production by the parties of documents, materials, or testimony containing or

23 concerning confidential or proprietary business or financial or trade-secret

24 information of defendant UNION SECURITY INSURANCE COMPANY

25 (hereinafter "defendant"), and plaintiff MARY BURDICK (hereinafter "plaintiff"),

26 or of third parties, or other information which otherwise may be contended to be

27 confidential; and

28

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

90486.1                              1                    STIPULATION AND PROTECTIVE
                                                          ORDER

WHEREAS, in light of these confidentiality concerns, plaintiff and defendant mutually wish to establish procedures which will be fair to each of them.

THEREFORE, IT IS HEREBY STIPULATED AND AGREED as follows by and between plaintiff, in her individual capacity and in and on behalf of all others similarly situated as alleged in her Complaint, and defendant (sometimes hereinafter collectively referred to as "the parties"):

1. This Confidentiality Order (the "Order") shall govern the designation and handling of documents, records, or information containing or concerning confidential or proprietary non-public, commercial, financial, trade secret, medical and/or other private information produced in this lawsuit, whether produced by plaintiff, defendants, or by third parties.

2. With respect to any confidential information or documents within the scope of paragraph 1 above, the parties may designate, at or prior to the time of production of documents or disclosure of other discovery material, all or any portion of such material, documents, or information as "confidential" information under the terms of this Order.

3. The parties may designate any material produced as "Confidential" pursuant to this Order.  Any party may also designate as "Confidential" any information that the party in good faith believes constitutes Confidential information within the scope of paragraph 1 above.  The parties may also designate as "Confidential" any Confidential personal information or information subject to a legally protected right of privacy.

4. The term "Confidential information" as used herein shall mean all information contained or set forth in any document, materials, or testimony that has been designated by any party (including plaintiff, defendant, or any third party), as confidential pursuant to the terms of this Order.

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

90486.1

2

STIPULATION AND PROTECTIVE
ORDER

5.     Unless otherwise ordered by the Court in this action, all Confidential information will be held by "the receiving party"[1] solely for use in connection with this litigation and will be maintained and disclosed only in accordance with this Order.    Experts referred to in paragraph 6(e) who have complied with the requirements of paragraph 7 hereof may review and retain documents and other Confidential information for purposes of study, analysis, and preparation in connection with the case.

6.     Except with the prior written consent of the party designating the information as Confidential, or upon prior order of this Court obtained upon notice to counsel for all parties, Confidential information shall not be disclosed by any party to any person other than:

(a)    counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for purposes related to this litigation;

(b)    employees or independent contractors of each such law firm;

(c)    any party;

(d)    any partner, director, officer, or manager of a party;

(e)    experts, consultants, or advisors employed or utilized by counsel to assist in this litigation, or to testify at trial or any other proceeding in this action;

(f)    the Court and court personnel, including stenographic reporters as necessarily incident to the preparation for trial of this action;

(g)    noticed or subpoenaed deponents and their counsel;

---

[1]  "The receiving party," "any person receiving Confidential information" and "all parties" shall exclude the Court and Court personnel, nor is this order binding on non-party third parties who have neither had an opportunity to make their positions regarding such order known to the Court nor agreed in writing to be bound by the terms of this Stipulated Protective Order.

(h)  any person identified as having authored or previously reviewed or received the Confidential material at issue; and

(i)  prospective witnesses or other persons who, in the judgment of counsel for a party, require the Confidential information for the purpose of preparing their testimony, preparing for trial, or advising and assisting counsel in connection with the processing of the litigation.

Confidential documents may be shown to any person listed in subparagraphs (e) and (i) of this paragraph only after such person has been shown a copy of this Order and advised of its terms, and only after such person executes a copy of the form of certification attached to this Order as Exhibit "A" (the "Certification"). Subject to the provisions of paragraph 7, below, a party that has produced particular Confidential documents (as opposed to a party that has received the Confidential documents) may, however, disclose such Confidential documents to any person or entity, with or without any conditions to such disclosure, as the party deems appropriate.

7.  Counsel for the parties shall maintain complete records of every original signed Certification obtained from any person pursuant to paragraph 6. These Certifications need not be disclosed to the opposing parties absent further order of the Court.

8.  "Any person receiving Confidential information"[2] shall not reveal the information to, or discuss the contents of the information with, any person who is not entitled to receive such information as set forth herein.

9.  The parties shall not be obligated to challenge the propriety of a Confidential information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  In the event that a party objects at any

---

[2]  Please refer to footnote # 1.



LAW OFFICES
**MESERVE,
MUMPER &
HUGHES LLP**

90486.1

4

STIPULATION AND PROTECTIVE ORDER

stage of these proceedings to the propriety of a designation by a party of any information as Confidential, the parties shall attempt first to dispose of the dispute in good faith on an informal basis.  If the dispute cannot be resolved, any party may seek appropriate relief from this Court pursuant to Local Rule 37, and the party challenging the Confidentiality designation shall have the burden of being the moving party pursuant to said Local Rule.

10.    All provisions of this Order restricting the communication or use of Confidential information shall continue to be binding after the conclusion of this action unless subsequently modified by agreement between the parties or further order of the Court.  However, any amendment or modification to this Stipulated Protective Order must be approved by the Court, pursuant to a Court Order, to be enforceable.

11.    After the final termination of this action, including all appeals, any and all Confidential information and all copies made thereof shall, at the option of the parties holding such information, either (a) be returned promptly to the party that produced the material, or (b) be destroyed, and certificate to that effect shall be provided to the party that produced the material.  However, any work product (as defined under applicable law), pleadings, claim file materials, deposition transcripts or trial exhibits in this action may be retained by counsel, subject to the terms of this Order.

12.    This Order shall govern the handling of material designated as Confidential through discovery related pretrial court proceedings.  Issues relating to the presentation of evidence presented at any non-discovery related pretrial court proceedings and/or trial will be addressed by the judicial officer conducting such proceedings at the appropriate time.

13.    Entry of this Order shall be without prejudice to any application for relief from any restriction contained herein or for any order compelling or further restricting the production, exchange, or use of any document, testimony,

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

90486.1

5

STIPULATION AND PROTECTIVE
ORDER

1 interrogatory response, or other information produced, given, or exchanged in the

2 course of pretrial discovery in this action.

3        14.    This Order does not operate as an agreement by any party to produce

4 any or all documents and/or information demanded or requested by another party.

5 Nothing herein shall be deemed to waive any applicable privilege or be construed as

6 an acknowledgment of the applicability of any privilege.

7 ////

8 ////

9 ////

10 ////

11 ////

12 ////

13 ////

14 ////

15 ////

16 ////

17 ////

18 ////

19 ////

20 ////

21 ////

22 ////

23 ////

24 ////

25 ////

26 ////

27 ////

28 ////

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

90486.1

6

STIPULATION AND PROTECTIVE
ORDER

15.   "All persons"[3] bound by this Order are hereby notified that if this Order is in any manner violated, the person or entity who commits such violation shall be subject to such sanctions as the Court, on motion and after a hearing, deems just. There shall be no other remedy, penalty or damages imposed on or recoverable from the parties, their attorneys, representatives, or assigns, or any cause of action or penalty arising out of a violation of this Order except as stated herein.

The Court retains jurisdiction to make such amendments, modifications, and additions to this Order as it may from time to time deem appropriate.

Dated:  February 19, 2008

MESERVE, MUMPER & HUGHES LLP
WILLIAM E. VON BEHREN
SIMON MANOUCHERIAN
FREDERIC ESRAILIAN


By: _____/s/_____
Frederic Esrailian
Attorneys for Defendant
UNION SECURITY INSURANCE
COMPANY, formerly known as
FORTIS BENEFITS INSURANCE
COMPANY


Dated:  February 15, 2008

ROBERT D. NEWMAN
ATTORNEY AT LAW


By: _____/s/_____
Robert D. Newman
Attorney for Plaintiff
MARY BURIDCK

## ORDER

Based upon the above Stipulation, and good cause appearing,

IT IS SO ORDERED.

DATE:  March 3, 2008

_____/s/_____
HON., JACQUELINE CHOOLJIAN,
UNITED STATES MAGISTRATE JUDGE

---

[3]  Please refer to footnote # 1.

LAW OFFICES
**MESERVE,**
**MUMPER &**
**HUGHES LLP**

90486.1

7

STIPULATION AND PROTECTIVE
ORDER

# EXHIBIT "A"

I, _____, hereby state and declare that I have read and understand the attached Confidentiality and Protective Order of the District Court for the Central District in the matter of <u>Mary Burdick v. Union Security Insurance Company</u>; Case No. CV07-4028 ABC (JCx), and hereby agree to fully comply with the terms and conditions thereof.  I further consent to the jurisdiction of the District Court for the Central District with respect to enforcement of the Protective Order.

   Executed this ___ day of _____, 20__, at _____, _____.

                                        _____

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

90486.1

8

STIPULATION AND PROTECTIVE
ORDER